RECEIVED
7/28/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOSUE PACHECO TORRES,
also known as "Popeye,
KLEIVER MONASTERIO BRICENO,
also known as "Goofy" and/or "Guffi,"
JULIAN PACHANO RUIZ,
ESTEBAN TUDARES GRATEROL,
also known as "Cole," and
[redacted]

No. 26 CR 345

Violations: Title 18, United States Code, Sections 1201(a)(1), 1201(c), and 2.

**UNDER SEAL**

**COUNT ONE**

The SPECIAL NOVEMBER 2025 GRAND JURY charges:

At times material to this Indictment:

1. Beginning no later than on or about April 30, 2026, and continuing through on or about May 19, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSUE PACHECO TORRES, also known as "Popeye,"
KLEIVER MONASTERIO BRICENO, also known as "Goofy" and/or "Guffi,"
JULIAN PACHANO RUIZ,
ESTEBAN TUDARES GRATEROL, also known as "Cole," and
[redacted],

defendants herein, did conspire with each other, and others known and unknown to the Grand Jury, to knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold, for their own benefit and purpose, Victim A, and to use means, facilities, and instrumentalities of interstate commerce in committing

and in furtherance of the offense, and said offense resulted in the death of Victim A, in violation of Title 18, United States Code, Section 1201(a)(1).

2. It was part of the conspiracy that defendants believed Victim A caused the death of Individual A, who died on or about April 30, 2026.

3. It was further part of the conspiracy that defendants agreed to kidnap and kill Victim A as retribution for Individual A's death.

4. It was further part of the conspiracy that defendants misrepresented, concealed, and hid, caused to be misrepresented, concealed, and hidden, and attempted to misrepresent, conceal, and hide the nature and purpose of the conspiracy.

**Overt Acts**

5. It was further part of the conspiracy that defendants and their co-conspirators committed one or more of the following acts in furtherance of and to effect the objects of the conspiracy:

a. Prior to and continuing on or about May 18, 2026, PACHECO TORRES, MONASTERIO BRICENO, PACHANO RUIZ, TUDARES GRATEROL, and [redacted] discussed between and amongst one another and others finding and retaliating against Victim A.

b. On or about May 18, 2026, MONASTERIO BRICENO, TUDARES GRATEROL, and others used cellular phones to coordinate finding and abducting Victim A.

c. On or about May 18, 2026, PACHANO RUIZ, TUDARES GRATEROL, Coconspirator 1, and others traveled by car in a Dodge Durango to Meyering Park in Chicago, Illinois, to search for Victim A.

d. On or about May 18, 2026, PACHANO RUIZ, TUDARES GRATEROL, and Coconspirator 1 seized and abducted, and caused to be seized and abducted Victim A near Meyering Park and transported Victim A to an apartment occupied and controlled by PACHECO TORRES (the “Archer Apartment”) in Summit, Illinois.

e. On or about May 18, 2026, PACHECO TORRES escorted Victim A into the Archer Apartment. MONASTERIO BRICENO, TUDARES GRATEROL, PACHANO RUIZ, and Coconspirator 1 followed Victim A into the Archer Apartment.

f. [redacted]

g. On or about May 18, 2026, PACHECO TORRES escorted Victim A, with his hands bound behind his back, out of the Archer Apartment and placed him in the Toyota Camry.

h. On or about May 18, 2026, MONASTERIO BRICENO, PACHANO RUIZ, TUDARES GRATEROL, and Coconspirator 1 got into the Toyota Camry armed with at least one firearm and drove Victim A to another apartment building located on Perry Avenue (the “Perry Apartment Building”) in Chicago.

i. On or about May 18, 2026, MONASTERIO BRICENO, PACHANO RUIZ, TUDARES GRATEROL, and Coconspirator 1 escorted Victim A into the Perry Apartment Building.

j. On or about May 18, 2026, MONASTERIO BRICENO, PACHANO RUIZ, TUDARES GRATEROL, and Coconspirator 1 killed, and caused to be killed, Victim A in the Perry Apartment Building.

k. On or about May 18, 2026, MONASTERIO BRICENO, PACHANO RUIZ, TUDARES GRATEROL, and Coconspirator 1 left the area of the Perry Apartment Building in the Toyota Camry and returned to the Archer Apartment.

l. Between on or about May 18, 2026, and May 19, 2026, PACHECO TORRES, MONASTERIO BRICENO, PACHANO RUIZ, [redacted] TUDARES GRATEROL, and others communicated between and amongst each other and others by cellular telephone about the events surrounding the abduction and killing of Victim A.

In violation of Title 18, United States Code, Section 1201(c).

**COUNT TWO**

The SPECIAL NOVEMBER 2025 GRAND JURY further charges:

On or about May 18, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSUE PACHECO TORRES, also known as "Popeye,"
KLEIVER MONASTERIO BRICENO, also known as "Goofy" and/or "Guffi,"
JULIAN PACHANO RUIZ,
ESTEBAN TUDARES GRATEROL, also known as "Cole," and
[redacted],

defendants herein, and with others known and unknown to the Grand Jury, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold for their own benefit and purpose, Victim A, and used means, facilities, and instrumentalities of interstate commerce in furtherance of the commission of the offense, and said offense resulted in the death of Victim A;

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## SPECIAL SENTENCING FACTORS AS TO COUNT TWO AS TO JOSUE PACHECO TORRES ONLY

1. Defendant JOSUE PACHECO TORRES:

a. Was eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. Committed the offense and death, and injury resulting in death, occurred during the commission and attempted commission of a violation of 18 U.S.C. § 1201 (Title 18, United States Code, Section 3592(c)(1));

e. Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to Victim A (Title 18, United States Code, Section 3592(c)(6)); and

f. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL SENTENCING FACTORS AS TO COUNT TWO AS TO KLEIVER MONASTERIO BRICENO ONLY

1. Defendant KLEIVER MONASTERIO BRICENO:

a. Was eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. Committed the offense and death, and injury resulting in death, occurred during the commission and attempted commission of a violation of 18 U.S.C. § 1201 (Title 18, United States Code, Section 3592(c)(1));

e. Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to Victim A (Title 18, United States Code, Section 3592(c)(6)); and

f. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL SENTENCING FACTORS AS TO COUNT TWO AS TO JULIAN PACHANO RUIZ ONLY

1. Defendant JULIAN PACHANO RUIZ:

a. Was eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. Committed the offense and death, and injury resulting in death, occurred during the commission and attempted commission of a violation of 18 U.S.C. § 1201 (Title 18, United States Code, Section 3592(c)(1));

e. Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to Victim A (Title 18, United States Code, Section 3592(c)(6)); and

f. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL SENTENCING FACTORS AS TO COUNT TWO AS TO ESTEBAN TUDARES GRATEROL ONLY

1. Defendant ESTEBAN TUDARES GRATEROL:

a. Was eighteen years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. Committed the offense and death, and injury resulting in death, occurred during the commission and attempted commission of a violation of 18 U.S.C. § 1201 (Title 18, United States Code, Section 3592(c)(1));

e. Committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to Victim A (Title 18, United States Code, Section 3592(c)(6)); and

f. Committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

[redacted]

A TRUE BILL:

______________________________
FOREPERSON

____________________________________
UNITED STATES ATTORNEY